IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| ROSIE LEE MURPHY,<br><br>Plaintiff,<br><br>v.<br><br>ALABAMA MENTAL HEALTH AUTHORITY, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.<br>2:25cv395-MHT<br>(WO) |

OPINION

Plaintiff, who is pro se, filed this lawsuit against over 50 defendants, including multiple state and federal agencies and officials, and a range of private businesses and individuals, claiming that they all have retaliated against her for filing a prior lawsuit by physically harming her in variety of ways. This case is now before the court on the recommendation of the United States Magistrate Judge that this case be dismissed before service of process under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1) because it is frivolous, and that plaintiff's motion for a

preliminary injunction be denied. Also before the court are numerous filings from plaintiff that the court will construe as objections to the recommendation. After the deadline for objections, plaintiff also filed a motion to amend and a motion to supplement pleadings. The court has considered these motions despite plaintiff's failure to file them before the deadline for objections to the recommendation--which untimeliness is independently a basis for their denial.

After an independent and de novo review of the record, the court concludes that the objections should be overruled and the recommendation should be adopted except to the extent that it finds no basis for subject-matter jurisdiction.* Plaintiff's objections do

---

* The complaint is arguably sufficient to invoke the court's federal-question jurisdiction under 28 U.S.C. § 1331 and § 1343 to the extent plaintiff sues state actors. Although she did not cite these jurisdictional provisions or specify a constitutional provision she believes was violated, reading the complaint liberally in light of plaintiff's pro se

not cure the deficiencies found by the magistrate judge. To the extent plaintiff's motion to amend asks for leave to file an amended complaint with the allegations set forth in the motion, the proposed pleading will not cure the deficiencies either; therefore, allowing that pleading would be futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004). Similarly, to extent that plaintiff's motion to supplement the pleadings asks for leave to supplement the complaint with the allegations stated in the motion--allegations focused on defendants' purported continuing attempts to kill her in the months after she filed this case--the motion to supplement should be denied as futile because, even if

---

status, plaintiff's citation of 42 U.S.C. § 1983 and allegation that state agencies and employees retaliated against her for previously filing a lawsuit suggests she was trying to state a claim of retaliation under the First Amendment, over which this court would have jurisdiction. *See, e.g., DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1289 (11th Cir. 2019) (explaining elements of a First Amendment retaliation claim).

granted, the complaint would still be subject to dismissal as frivolous. Unfortunately, plaintiff's filings are rife with "fantastic or delusional scenarios" that render her complaint frivolous. *See Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)).

An appropriate judgment will be entered.

DONE, this the 29th day of August, 2025.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE